UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:12-CR-00027-VLB-1 |
| v. | : | |
| | : | |
| ANTHONY JOHNSON | : | November 12, 2013 |

### Order Denying Defendant's [136] Motion for Acquittal and [137] Motion for a New Trial

The Defendant, Anthony Johnson, was charged and convicted by a jury of nine counts of Unauthorized Use of an Access Device and Aggravated Identity Theft pursuant to 18 U.S.C. §§ 1029(a)(2) and (c)(1)(a)(i), and 18 U.S.C. §§ 1028A. The Defendant moved for judgment of acquittal at the conclusion of the Government's presentation of evidence to the jury on October 18, 2012.  The Court denied his motion.  Defendant now moves again for a judgment of acquittal or a new trial on six bases.  For the reasons that follow, the Defendant's motions are DENIED.

Federal Rule of Criminal Procedure 33 provides that, upon a defendant's motion, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "In exercising the discretion so conferred, the court is entitled to weigh the evidence and in so doing evaluate for itself the credibility of the witnesses."  *U.S. v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992) (internal quotation marks and citation omitted); *U.S. v. Padilla*, 511 F. App'x 8, 10 (2d Cir. 2013) *cert. denied*, 133 S. Ct. 2815 (2013)

1

(same).  However, only where exceptional circumstances exist may the trial judge "intrude upon the jury function of credibility assessment."  *Sanchez*, 969 F.2d at 1414; *U.S. v. Castelin*, 3:11-CR-183 JCH, 2013 WL 3540052 (D. Conn. July 10, 2013) (same).  "Even in cases involving a witness's perjured testimony, however, a new trial is warranted only if 'the jury probably would have acquitted in the absence of the false testimony.' "  *U.S. v. Truman*, 688 F.3d 129, 141 (2d Cir. 2012) (quoting *Sanchez*, 969 F.2d at 1413–14).  "The test is whether it would be a manifest injustice to let the guilty verdict stand."  *Sanchez,* 969 F.2d at 1414. (internal quotation marks and citation omitted).  In other words, for a court to grant a motion for a new trial after examination of the entire case, "[t]here must be a real concern that an innocent person may have been convicted."  *Id*. (internal quotation marks and citation omitted).

Federal Rule of Criminal Procedure 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  Fed. R. Crim. P. 29(c)(2).  "A Rule 29 motion should be granted only if the district court concludes there is 'no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt.' "  *U.S. v. Irving*, 452 F.3d 110, 117 (2d Cir. 2006) (citation omitted); *U.S. v. Cossette*, 3:12CR232 JBA, 2013 WL 5274349 (D. Conn. Sept. 18, 2013) (same).  "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial 'bears a heavy burden,' "  *U.S. v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008), as he "must show that when viewing the evidence in its totality, in a light most favorable to the government, and drawing all inferences in favor of the prosecution, no

2

rational trier of fact could have found him guilty." *Irving*, 452 F.3d at 117. Further, "it is well settled that Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *U.S. v. Cote*, 544 F.3d 88, 99 (2d Cir. 2008) (internal quotation marks and citation omitted). "The Court must give full play to the right of the jury to determine credibility." *Id.*

Defendant first argues that he is entitled to acquittal or a new trial because the Government did not present evidence sufficient to show that he committed aggravated identity theft pursuant to 18 U.S.C. § 1028A and that the evidence presented at trial did not show that he had violated each facet of the aggravated identity theft charges in the Indictment. Specifically, Johnson argues, testimony showed that " 'a couple' of numbers in each of the [forged] driver's license numbers were changed, thereby not specifically utilizing that form of the victim's ID," in contravention of the charges against him, and no testimony demonstrated that dates of birth were taken from the victims or used to perpetrate a fraud. Defendant's arguments merit no credit. Jamie McGowan directly testified at trial that Mr. Johnson created fictitious drivers' licenses containing her photo and the names of persons whose credit cards Mr. Johnson had stolen, and that she was with him when he stole credit cards that she later used. Further, LaShirelle Bryant testified that Johnson provided her with fraudulent drivers license(s) bearing her likeness and the name(s) of the person(s) whose stolen credit card(s) Johnson gave her and directed her to use. Further, Johnson's argument that the Government failed to prove aggravated identify theft because the evidence did

3

not corroborate that "Victim #3's name, date of birth, *and* driver's license number" were *all* used "during and in relation to the unauthorized use of an access device" must be denied. "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive …. the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Turner v. U.S.*, 396 U.S. 398, 420 (1970); *U.S. v. Desnoyers*, 637 F.3d 105, 110 (2d Cir. 2011) (same). The evidence presented at trial sufficiently established that Johnson knowingly "use[d], without lawful authority, a means of identification of another person," *to wit*, his victims' names, in contravention of 18 U.S.C. § 1028A(a)(1).

Defendant next argues that the Court improperly denied his motion to strike the testimony of D.J., which "proved to be cumulative and not relevant to the charges in the indictment." This argument likewise has no merit. D.J.'s testimony was not cumulative because it tended to establish the amount of damages and corroborated the testimony of Jamie McGowan, whose credibility Defendant sought to and to an extent did impeach on cross-examination based on McGowan's role as a co-defendant who had yet to be sentenced and her status as a prostitute and, at the time of her offense and at trial, an active drug addict. Defendant's motions on this ground are denied.

Third, Johnson argues that the Court improperly denied his pretrial motion to dismiss "based upon racial discrimination and suppression of the GPS." Johnson's New Jersey arrest and his Connecticut prosecution are unrelated and evidence collected in New Jersey was not used in his Connecticut prosecution.

4

**As the Court has ruled several times previously, Johnson has repeatedly failed to establish that his arrest, after being stopped while riding in a vehicle in which a woman who sought unsuccessfully to use illegally the credit card and identity of another woman was also riding, constitutes racial profiling.  Based on the facts as conveyed to the Court on the record by Mr. Johnson himself, reasonable suspicion existed to stop the vehicle in which he was riding as the vehicle fit the description of the vehicle in which the woman who sought to commit identity fraud left the scene of the attempted crime.  Based on the facts as presented to the Court by Mr. Johnson, the authorities' questioning of the occupants of the vehicle created further suspicion because each occupant gave conflicting information to the authorities.  Finally, the facts relayed by Mr. Johnson establish that the sole Caucasian occupant of the vehicle in which he was traveling was the person who had attempted to commit identity fraud.  Upon questioning, this woman provided information implicating the Defendant and the other occupants of the vehicle in her crime.  Thus, as this Court has ruled previously, reasonable suspicion existed for the stop of the vehicle in which Mr. Johnson was riding based on the facts as relayed by Johnson to the Court.  Johnson's motions for acquittal or a new trial are denied, and Johnson's remedy is an appeal.**

**The Court denies Defendant's fourth argument for acquittal or a new trial, namely that the Court improperly denied his Motion for Judgment of Acquittal at the conclusion of the Government's case against him on October 18, 2012.  The Court has already ruled on this Motion and Defendant's proper remedy is an appeal.**

5

**Defendant's fifth argument, that the Court improperly overruled his objection to the Government's motion to amend Count Six of the Superseding Indictment is denied as moot, as Count Six of the Superseding Indictment has been dismissed.**

**Lastly, the Court rejects Johnson's argument that the Government improperly relied on the testimony of cooperating co-defendants McGowan and Bryant in an attempt to prove identity and intent because their credibility was impugned by their "motivations, biases, prior illegal associations and . . . prior criminal history."  It is well established, however, that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also U.S. v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999); *U.S. v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998).  Furthermore, ample evidence presented at trial – including video surveillance placing Johnson in the movie theaters from which the credit cards were stolen and the testimony of non-parties to this action – corroborated McGowan's and Bryant's accounts of Johnson's criminal activity.  Thus, the jury reasonably concluded that McGowan's and Bryant's testimony was credible and this Court finds no reason to conclude that their testimony was perjured. Johnson's remedy is an appeal.**

**In short, the Court can identify no reason to discard the jury's assessment of the facts and of the credibility of witnesses after a full presentation of the evidence at trial; exceptional circumstances do not exist in this case such that**

6

the Court may "intrude upon the jury function of credibility assessment." Nor is there "real concern that an innocent person may have been convicted" such that a new trial is warranted pursuant to Rule 33.  Furthermore, the Defendant has failed to demonstrate that, when viewing the evidence in its totality in a light most favorable to the government, and drawing all inferences in favor of the government, no rational trier of fact could have found him guilty of the charges alleged such that he is entitled to a judgment of acquittal pursuant to Rule 29.

    For the foregoing reasons, Defendant's motions for acquittal or a new trial are DENIED.


                                                  IT IS SO ORDERED.

                                          _____/s/_____
                                          Hon. Vanessa L. Bryant
                                          United States District Judge


Dated at Hartford, Connecticut: November 12, 2013